UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALDERON, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-05653-HSG<br><br>**ORDER TO SHOW CAUSE WHY LEAVE TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED; DENYING AS MOOT REQUEST TO RETURN COMPLAINT AND "MOTION OF NOTIFICATION"**<br><br>Re: Dkt. Nos. 8, 10, 12 |

Plaintiff, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has requested that the Court return his complaint to him so that he may comply with the electronic filing requirement set forth in N.D. Cal. General Order 76, Dkt. No. 8; requested leave to proceed *in forma pauperis*, Dkt. No. 10; and filed a "motion of notification that civil rights action 1983 was electronically mail," Dkt. No. 12. For the reasons set forth below, the Court DENIES as moot Plaintiff's request that his complaint be returned, Dkt. No. 8, and his motion of notification, Dkt. No. 12; and orders Plaintiff to show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.

**DISCUSSION**

**I.    Request for Return of Complaint and "Motion of Notification" (Dkt. Nos. 8, 12)**

Plaintiff has requested that the Court return his complaint to him so that he may comply with the electronic filing requirement set forth in N.D. Cal. General Order 76. Dkt. No. 8. Plaintiff has also filed a pleading titled "motion of notification that civil rights action 1983 was electronically mail." Dkt. No. 12. Both these motions are DENIED as moot. Plaintiff has

1    complied with General Order No. 76.  *See* Dkt. No. 9.  Plaintiff therefore no longer needs a copy
2    of the complaint and his request that the complaint be returned to him is DENIED as moot.  Dkt.
3    No. 8.  Pleadings titled "motion" generally request action from the Court.  Although Dkt. No. 12 is
4    titled "motion," it does not request court action and instead seeks to inform the Court that Plaintiff
5    has complied with General Order No. 76.  Plaintiff's "motion of notification that civil rights action
6    1983 was electronically mail" is therefore DENIED as moot because it does not seek any action
7    from the Court.

**II.    Request for Leave to Proceed *In Forma Pauperis* (Dkt. No. 10)**

**A.    28 U.S.C. § 1915(g)**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which became effective on April 26, 1996.  The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under Section 1915(g), the Ninth Circuit gives this guidance:  The phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and apparently means the same thing.  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ( "*Andrews I*").  A case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'"  *Id.* (citation omitted).  "A case is malicious if it was filed with the 'intention or desire to harm another.'"  *Id.* (citation omitted).  "Not all unsuccessful cases qualify as a strike under § 1915(g).  Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  *Id.* at 1121.  A district court is not required to announce in an order that its dismissal constitutes a strike under Section 1915(g) for that dismissal to later count as a strike.  *Id.* at 1119 n.8.

1    In determining whether a prior dismissal counts as a strike, the Court "should look to the substance of the dismissed lawsuit, and not to how the district court labelled or styled the dismissal." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019) (internal quotations marks and citation omitted). To be counted as a strike, a case must be dismissed in its entirety as frivolous, malicious or for failure to state a claim. *Id.* at 674. A dismissal based solely on a finding that the plaintiff previously incurred at least three strikes, without any additional finding that the action is itself frivolous, malicious or fails to state a claim, does not count as an additional strike under § 1915(g). *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016)

The plain language of the imminent danger clause in Section 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or later time are not relevant. *Id.* at 1053 & n.5 (post-filing transfer of prisoner out of prison at which danger allegedly existed may have mooted request for injunctive relief against alleged danger, but did not affect Section 1915(g) analysis). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022). The court "should not make an overly detailed inquiry into whether the allegations qualify for the [imminent danger] exception." *Andrews II*, 493 F.3d at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id*.

The Ninth Circuit requires that the prisoner be given notice of the potential applicability of Section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that Section 1915(g) does not bar *in forma pauperis* status for him. *Andrews I*, 398 F.3d at 1120. *Andrews I* implicitly allows the Court to *sua sponte* raise the Section 1915(g) issue, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a Section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under Section 1915(g) means that a prisoner cannot proceed with his action *in forma pauperis* under Section 1915(g). However, the

3

1   prisoner may still pursue his claims if he pays the full filing fee at the outset of the action.

2           **B.**        **Prior Denials of *In Forma Pauperis* Status**

Plaintiff is a frequent litigant. Plaintiff has filed at least thirty-nine cases in the Eastern District of California, *see, e.g., Trujillo v. Alvarez*, C No. 14-cv-00976-LJO-EPG; *Guillermo Trujillo Cruz v. Gomez, et al.*, C No. 15-cv-00859-EPG; *Cruz v. Biter, et al.*, C No. 17-cv-00084-AWI-MJS; *Cruz v. Valdez*, C No. 18-cv-00571-DAD-EPG; and *Cruz v. Chappuis*, C No. 19-cv-01467-WBS-EFB. Plaintiff has filed at least fourteen cases in the Northern District, including this case. *See Cruz v. Thompson, et al.*, C No. 23-cv-05759 HSG; *Trujillo Cruz v. Davis*, C No. 22-cv-6219 HSG; *Trujillo Cruz v. Calderon*, C No. 22-cv-5556 HSG; *Cruz v. Simpson*, C No. 22-cv-4898 HSG; *Cruz v. Valdez, et al.*, C No. 22-cv-04627 HSG; *Trujillo Cruz v. Etzel*, C No. 22-cv-3742 HSG; *Cruz v. Bedusa*, C No. 22-cv-00670 HSG; *Cruz v. Chandler*, C No. 20-cv-03421 HSG; *Cruz v. Ortiz*, C No. 20-cv-00176; *Cruz v. Pierston*, C No. 19-cv-08039 HSG; *Cruz v. Ford*, C No. 19-cv-7649 HSG; *Cruz v. Kumbat*, C No. 19-cv-05825 HSG; and *Cruz v. Gutierrez*, C No. 19-cv-04726 HSG. In the cases filed prior to 2023,[1] the Court either denied Plaintiff leave to proceed *in forma pauperis* or revoked his *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g), finding that Plaintiff had at least three cases dismissed that counted as "strikes" and had not demonstrated that he qualified for the imminent danger exception. *See, e.g., Cruz v. Gutierrez*, C No. 19-cv-04726 HSG, Dkt. No. 15 (Jan. 16, 2020), Dkt. No. 19 (Mar. 6, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Kumbat*, C No. 19-cv-05825 HSG, Dkt. No. 11 (Jan. 16, 2020), Dkt. No. 16 (Mar. 19, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Pierston*, C No. 19-cv-08039 HSG, Dkt. No. 8 (Jan. 16, 2020), Dkt. No. 14 (Mar. 9, 2020); *Cruz v. Ford*, C No. 19-cv-7649 HSG, Dkt. No. 13 (Mar. 9, 2020) (revoking leave to proceed *in forma pauperis*); *Cruz v. Ortiz*, C No. 20-cv-00176 HSG, Dkt. No. 15 (Jun. 22, 2020); *Cruz v. Chandler*, C No. 20-cv-3421 HSG, Dkt. No. 7 (Sept. 28, 2020); and *Cruz v. Bedusa*, C No. 22-cv-00670 HSG, Dkt. No. 5 (Feb. 16, 2022).

---

[1] Plaintiff only filed two cases in 2023, this case and *Cruz v. Thompson, et al.*, C No. 23-cv-05759 HSG. In *Thompson*, the Court has not yet considered his request to proceed *in forma pauperis* because he has not complied with General Order No. 76 in that case. *Cruz v. Thompson, et al.*, C No. 23-cv-05759 HSG, Dkt. No. 1 (Nov. 8, 2023).

4

**C.    Prior Strikes**

The Court has reviewed Plaintiff's prior cases and finds that he has at least three cases which were dismissed as either frivolous or malicious, or for failure to state a claim:

(1)    *Trujillo v. Sherman*, C No. 1:14-cv-01401-BAM (PC) (E.D. Cal.).  In *Sherman*, the initial complaint was not screened because Plaintiff obtained leave to file an amended complaint prior to screening.  The amended complaint sued correctional officer Sherman in his official and individual capacities for failing to protect Plaintiff from a November 1, 2013 attack, and sought monetary damages.  The amended complaint was dismissed with leave to amend for failing to state a cognizable failure to protect claim against defendant Sherman because there were no facts alleged from which it could be inferred that defendant Sherman knew of or disregarded any risk of harm to Plaintiff from assault in November 2013; because defendant Sherman could not be held liable solely based on his role as a supervisor; and because a suit for monetary damages may not be brought against a state official in his official capacity.  *Sherman*, Dkt. No. 20 (Mar. 17, 2015).  The second amended complaint sued correctional officer Ramos, an appeals coordinator, for failing to protect Plaintiff from a November 1, 2013 attack, and sought monetary damages, and also appeared to seek to bring suit against correctional officer Sherman, Lt. John Doe, the CDCR, and other unnamed state agencies.  The *Sherman* court dismissed the second amended complaint for failure to state a claim because it lacked basic facts, including what happened and who was involved; because the second amended complaint failed to link defendant Ramos to any constitutional violation; because the Eleventh Amendment barred suit against the CDCR and any other state agencies; because defendant Ramos could not be held liable solely based on his role as a supervisor; and because there were no facts alleged from which it could be inferred that defendants Sherman or Lt. John Doe knew of or disregarded any risk of harm to Plaintiff from assault in November 2013.  *Sherman*, Dkt. No. 22 (Apr. 24, 2015).  The Court has carefully evaluated the order dismissing *Sherman* and considered the substance of *Sherman*, and finds that *Sherman* qualifies as a strike because the case was dismissed in its entirety for failure to state a claim.  *Andrews I*, 398 F.3d at 1121 ("§ 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant

information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim"); *Harris*, 935 F.3d at 674 (to be counted as strike, case must be dismissed in its entirety as frivolous, malicious or for failure to state claim).

   (2) *Cruz v. Ruiz*, C No. 1:14-cv-00975-SAB (PC) (E.D. Cal.). In *Ruiz*, the initial complaint sued Kern Valley State Prison correctional officers Ruiz and Boyd for depriving Plaintiff of his property. The initial complaint was dismissed because the claim that defendants Ruiz and Boyd had confiscated his property without authorization did not state a federal constitutional claim since California law provides an adequate post-deprivation remedy for any property deprivation and because a state law tort claim against a public entity must allege compliance with California's Tort Claims Act. Plaintiff was granted leave to file an amended complaint. *Ruiz*, Dkt. No. 11 (Nov. 7, 2014). In his amended complaint, Plaintiff alleged that correctional officer Ruiz deliberately deprived him of his property "as retaliation, vengeance, negligence, and with intentional wrong doing (sic) to inflict emotional distress," and that correctional officer Ramos prevented Plaintiff from exhausting administrative remedies by not timely responding to his grievances. The *Ruiz* court dismissed the amended complaint for failure to state a claim because actions in reviewing grievances cannot serve as a basis for Section 1983 liability; because the amended complaint's conclusory allegations did not support an inference that Plaintiff's property was taken because of activity protected by the First Amendment; because the property claim was not cognizable under federal law; and because the property claim was not cognizable under state law because Plaintiff again failed to allege compliance with the California Tort Claims Act. *Ruiz*, Dkt. No. 22 (Jan. 5, 2016). In its order of dismissal, the *Ruiz* court specified that the action was dismissed for failure to state a claim upon which relief could be granted and that the action counted as a strike within the meaning of 28 U.S.C. § 1915(g). *Cruz v. Ruiz*, No. 1:14-CV-00975-SAB-PC, 2016 WL 8999460, at *3 (E.D. Cal. Jan. 6, 2016), *aff'd sub nom. Trujillo v. Ruiz*, 688 F. App'x 435 (9th Cir. 2017). The Court has carefully evaluated the order dismissing *Ruiz* and considered the substance of *Ruiz*, and agrees that this action qualifies as a strike because the case was dismissed in its entirety for failure to state a claim. *Andrews I*, 398 F.3d at 1121; *Harris*, 935 F.3d at 674.

(3)     *Cruz v. Gomez*, C No. 1:15–cv–00859–EPG, 2017 WL 1355872 (E.D. Cal. Feb. 3, 2017).  In *Gomez*, the initial complaint alleged that Kern Valley State Prison correctional officer Gomez had damaged Plaintiff's property during a cell search, and later retaliated against Plaintiff by refusing to allow him to attend school and sending him to the administrative segregation unit for possession of an inmate-manufactured weapon.  The initial complaint was dismissed for failure to state any cognizable claim for relief because the allegations were insufficient to state a retaliation claim in that the complaint did not clearly allege facts demonstrate that adverse action was taken against Plaintiff because he engaged in protected conduct; because the unauthorized deprivation of property does not state a federal constitutional claim; and because there was no allegation demonstrating compliance with California's Government Claims Act, which is required to state a state law tort claim.  Plaintiff was granted leave to file an amended complaint.  *Gomez*, Dkt. No. 11 (Oct. 4, 2016).  The first amended complaint alleged that Kern Valley State Prison correctional officers Gomez and Sanchez intentionally damaged Plaintiff's property during a cell search; and that defendant Gomez later retaliated against Plaintiff by damaging and throwing away his property, refusing to allow him to attend school, and sending him to the administrative segregation unit for possession of an inmate-manufactured weapon.  The *Gomez* court dismissed the first amended complaint for failure to state a claim because the first amended complaint again failed to allege sufficient facts to indicate that defendant Gomez confiscated or damaged Plaintiff's property in retaliation for Plaintiff filing a grievance; because the unauthorized deprivation of property does not state a federal constitutional violation; because it failed to state a state law tort claim because no facts were alleged demonstrating compliance with California's Government Claims Act; because it was devoid of facts suggesting that Defendants prevented Plaintiff from engaging in litigation; because actions in reviewing or not reviewing grievances cannot serve as a basis for Section 1983 liability; and because it failed to link any defendant to an alleged constitutional violation.  Plaintiff was granted leave to file a second amended complaint.  *Gomez*, Dkt. No. 13 (Dec. 16, 2016).  The second amended complaint alleged that defendants Gomez and Sanchez destroyed Plaintiff's property during a cell search in retaliation for Plaintiff's filing a grievance.  The *Gomez* court dismissed the second amended complaint with prejudice for

1    failure to state a claim because a property deprivation claim does not state a federal constitutional
2    claim and the factual allegations did not plausibly state a First Amendment retaliation claim.
3    *Gomez*, Dkt. No. 21 (Feb. 3, 2017).  In its order of dismissal, the *Gomez* court specified that the
4    action was dismissed for failure to state a claim upon which relief could be granted and that the
5    action counted as a strike within the meaning of 28 U.S.C. § 1915(g).  *Cruz v. Gomez*, C No. 115-
6    CV-00859-EPG (PC), 2017 WL 1355872, at *4 (E.D. Cal. Feb. 3, 2017), *aff'd sub nom. Trujillo v.*
7    *Gomez*, 698 F. App'x 368 (9th Cir. 2017).  The Court has carefully evaluated the order dismissing
8    *Gomez* and considered the substance of *Gomez*, and agrees that *Gomez* qualifies as a strike
9    because the case was dismissed in its entirety for failure to state a claim.  *Andrews I*, 398 F.3d at
10   1121; *Harris*, 935 F.3d at 674.

11         (4)    *Trujillo v. Gonzalez-Moran*, C No. 17-15200 (9th Cir).  In *Gonzalez-Moran*, the
12   Ninth Circuit found that Plaintiff's appeal was frivolous and denied Plaintiff leave to proceed *in*
13   *forma pauperis*.  *Gonzalez-Moran*, Dkt. No. 11 (Jul. 28, 2017).  *Gonzalez-Moran* qualifies as a
14   strike because the case was dismissed as frivolous.  *See O'Neal v. Price*, 531 F.3d 1146, 1152 (9th
15   Cir. 2008) (case is "dismissed" for purposes of § 1915(g) "when the court denies the prisoner's
16   application to file the action without prepayment of the filing fee on the ground that the complaint
17   is frivolous, malicious or fails to state a claim, and thereupon terminates the complaint.");
18   *Rodriguez v. Cook*, 169 F.3d 1176, 1178 (9th Cir. 1999) (court may count as strikes dismissals of
19   district court cases as well as dismissals of appeals).

20         Because Plaintiff has had at least three cases dismissed that count as "strikes" pursuant to
21   28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* in this case unless he demonstrates
22   that he is in imminent danger of serious physical injury at the time he filed the complaint.

23         **D.**    **Complaint**

24         Plaintiff commenced this case by mailing a complaint to the Court on or about October 25,
25   2023.  Dkt. No. 4-4 at 2.  However, the operative complaint is docketed at Dkt. No. 9.[2]  The

---

[2] Plaintiff mailed in this complaint and other case-initiating documents via postal mail.  *See generally* Dkt. No. 4.  However, pursuant to the Northern District of California's General Order No. 76 ("GO 76"), prisoners within the custody of the California Department of Corrections and Rehabilitations ("CDCR") are required to submit case-initiating documents for civil rights cases to

8

operative complaint names as defendants Pelican Bay State Prison ("PBSP") correctional officials Calderon, Valdez, Hamilton, Simpson, and Romero. Dkt. No. 9 at 2. The complaint makes the following allegations. On July 8, 2022, Plaintiff had a video call with the Office of Internal Affairs regarding an assault he suffered on May 27, 2022, and regarding ongoing threats to his health and safety. The Office of Internal Affairs ignored Plaintiff's complaint and concluded that there were no legitimate or corroborated incidents of inappropriate behavior and unlawful conduct. It is clear that the Office of Internal Affairs has not really investigated Plaintiff's allegations and is instead covering up Defendants' illegal misconduct. On August 1 and August 2, 2023, Plaintiff was assaulted pursuant to Defendants' "verbal orders, wishes, and demands in 'retaliation,' and 'vengence'" towards Plaintiff. Defendants were retaliating against Plaintiff for grievances and lawsuits he filed against Defendants and their coworkers for verbal threats, sexual harassment, and battery. The assaults have had a chilling effect on Plaintiff. Defendants have threatened Plaintiff by beating him, and by provoking and inciting attacks on him. Defendants want to have Plaintiff stabbed off the yard. Defendants Calderon and Valdez, along with other female staff, have spread false rumors that Plaintiff commits lewd acts in his cell in the presence of female staff. Defendants also engage in "underhand dealings" by offering inmates contraband, canteen, and personal property if they assault Plaintiff. Defendants are corrupt and are conspiring with CDCR officials to harm Plaintiff, as evidenced by their turning a blind eye to the assaults, attacks, and sexual abuse suffered by Plaintiff, the threats against Plaintiff's family, the campaign of retaliation against Plaintiff, and the assaults on Plaintiff by anonymous resources, presumably at the behest of prison officials. Dkt. No. 9 at 2, 7-8, 10-11. Plaintiff also alleges that he is "presently at imminent danger of serious physical injury behind Defendants threats of another attack upon [him] pursuant

---

the Court via electronic mail. N.D. Cal. GO 76. Accordingly, upon receipt of the complaint and other case-initiating documents, the Clerk of the Court sent Plaintiff a GO 76 deficiency notice, informing Plaintiff that he was required to comply with GO 76 or file a motion requesting permission to be exempt from GO 76's electronic filing requirement, and that failure to do so would result in the case being dismissed without prejudice. Dkt. No. 4 at 1-2. On December 26, 2023, Plaintiff complied with the GO 76 requirement by filing a complaint by electronic mail. Dkt. No. 9. Dkt. No. 9 consists of 87 pages in total, but only pages 1-2, 7-8, and 10-11 are the body of the complaint. The remaining pages appear to be exhibits or a request for the complaint to be returned so that Plaintiff can comply with GO 76. *See generally* Dkt. No. 4.

1  to 28 U.S.C. 1915(g) 'imminent danger.'". Dkt. No. 9 at 10.

**E.  Analysis**

The complaint's allegations do not support an inference that Plaintiff faced imminent danger of serious physical injury from defendants Calderon, Valdez, Hamilton, Simpson, and Romero on October 25, 2023, the date Plaintiff provided the complaint to prison authorities for mailing. Dkt. No. 4-4 at 2. The complaint's claim that Defendants ordered the assaults on August 1 and 2, 2023, as part of a campaign of retaliation for Plaintiff's protected activity, part of a campaign of harassment, and part of a conspiracy with CDCR officials, are conclusory and speculative. Plaintiff references a call with the Office of Internal Affairs regarding a May 27, 2022 attack, but it is unclear how Defendants are related to the May 27, 2022 attack, or how they knew of the call with the Office of Internal Affairs. Plaintiff does not list any specific grievances filed against Defendants and their co-workers. Moreover, these allegations are similar to the speculative, vague, and conclusory allegations that Plaintiff has made in prior lawsuits, namely that all CDCR prison officials are involved in a years-long ongoing conspiracy to have him assaulted. *See, e.g., Cruz v. Gutierrez*, C No. 19-cv-04726 HSG; *Cruz v. Kumbat*, C No. 19-cv-05825 HSG; *Cruz v. Pierston*, C No. 19-cv-08039 HSG. Plaintiff's claim of imminent danger of serious physical injury from Defendants at the time he filed the complaint is fanciful and speculative. *See Andrews v. Cervantes*, 493 F.3d 1047, 1057 n.11 (9th Cir. 2007) ("assertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful"). Accordingly, within **twenty-eight (28) days** of the date of this order, Plaintiff shall show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. Plaintiff's request to have the Court return his complaint to him so that he may comply with General Order No. 76 is DENIED as moot. Dkt. No. 8. Plaintiff has complied with General Order No. 76. *See* Dkt. No. 9.

**2.** Plaintiff's "motion of notification that civil rights action 1983 was electronically

1 mail" is DENIED as moot.  Dkt. No. 12.

2    3. The Court orders Plaintiff to, within **twenty-eight (28) days** of the date of this order, show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.  Failure to respond in accordance with this order will result in dismissal of this action without further notice to Plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

   This order terminates Dkt. No. 8,12.

   **IT IS SO ORDERED.**

Dated:  2/16/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

11